Whitakee, Judge,
concurring:
Plaintiff filed a claim for refund on June 7, 1944, claiming an overpayment of 1941 taxes, resulting from an excess profits credit carryback from the year 1943. Plaintiff was entitled to the credit claimed, and when this was applied to 1941 taxes, the claimed overpayment resulted.
This overpayment has been allowed. Interest thereon is allowed by law; it is to be computed subject to the limitation *139 of section 3771 (e) of the Internal Bevenue Code, which restricts interest to the period after the claim for refund is filed. Interest is being claimed by taxpayer only for this period. But defendant says plaintiff is not entitled to it because it was entitled to a credit from the year 1942, and that no claim for refund for such credit having been filed, no interest is allowable.
Had plaintiff claimed an overpayment based on a credit from 1942, it would not have been entitled to interest, but this was not its claim. It claimed a credit from 1943, to which it is entitled, and this resulted in an overpayment for 1941. Under the statute it is entitled to interest from the time this claim was filed.
The fact that the Commissioner discovered that plaintiff was entitled to a refund on another ground is certainly no reason to deny its right to the refund on the ground relied upon, which is admittedly valid.
For this reason I concur.
Laramore, Judge, took no part in the consideration and decision of this case.
FINDINGS OF FACT
The court makes findings of fact, based on the stipulation of the parties, the briefs, and argument of counsel as follows:
1. Plaintiff is a New J ersey corporation. It is successor on merger to Sloss-Sheffield Steel and Iron Company which was also a New J ersey corporation and was the taxpayer for the taxable years here involved. The petition was filed by the latter company prior to its merger with plaintiff. The caption of this case was changed pursuant to order of the Court. “Taxpayer” hereinafter refers to Sloss-Sheffield Steel and Iron Company.
2. During the taxable years here involved, the taxpayer was engaged in the production and sale of commercial pig iron, coal, coke and their by-products. Its principal place of business was in Birmingham, Alabama. It kept its accounts and reported its income for federal tax purposes on the accrual method and on the basis of the calendar year.
*140 3. Within the time as extended, the taxpayer, on May 15, 1942, filed its corporation income and declared value excess profits tax return for the calendar year 1941, reporting thereon a normal tax net income of $1,798,196.15 and a tax liability of $557,190.81 which was paid as follows:
March 16, 1942_$141,000. 00
June 8,1942_1- 140,800.00
September 15, 1942_ 13Y, 695.40
December 15, 1942_ 13Y, 695.41
Total_$55Y, 190. 81
After an examination, taxable net income was increased due to various adjustments and on August 13,1943, a deficiency in income tax of $11,490.18 and interest thereon of $880.65 was assessed against the taxpayer for the year 1941 which was paid by cash of $10,410.77 on August 25, 1943, and a credit of $1,960.06 on September 15, 1943. Thereafter, on March 19,1946, there was refunded to the taxpayer $3,213.89 due to adjustment with respect to amortization deduction under Section 124 of the Internal Revenue Code of 1939, as amended.
4. Also on May 15, 1942, within the time as extended, the taxpayer filed its corporation excess profits tax return for the calendar year 1941 reporting thereon excess profits net income of $2,034,861.81, a specific exemption of $5,000 plus excess profits credit based upon invested capital of $1,569,-320.87 which resulted in adjusted excess profits taxable net income of $460,540.94 and a tax liability of $232,297.52. This tax liability was paid as follows:
March 16, 1942_ $59,560.00
June 8, 1942_ 60, 000.00
September 15, 1942_ 56,368. Y6
December 15, 1942- 56, 368. Y6
Total_$232,29Y. 52
After an examination, the taxpayer’s excess profits tax income for 1941 was increased due to various adjustments and the excess profits credit based upon invested capital was also increased, which adjustments resulted in an excess profits tax deficiency of $31,300. This deficiency, together *141 with interest thereon of $2,398.95, was assessed on August 13, 1943, and paid by the taxpayer on August 25, 1943.
5.Within the time as extended, the taxpayer, on May 15, 1943, filed its corporation income and declared value excess profits tax return for the calendar year 1942 reporting thereon a taxable net income of $1,513,346.28 and a tax liability of $605,338.51. This tax was paid as follows:
March 15, 1943-$164,974.49
June 15, 1943- 146,788.01
September 15, 1943_ 146, 788. 00
December 15, 1943_ 146, 788.01
Total-$605,338.51
On March 19,1946, there was refunded to the taxpayer $22,-394.10 with interest thereon of $3,048.97 due to adjustments with respect to amortization deduction under Section 124 of the Internal Revenue Code of 1939, as amended.
6. Also on May 15, 1943, within the time as extended, the taxpayer filed its corporation excess profits tax return for 1942 reporting thereon an excess profits net income of $1,-514,387.18, a specific exemption of $5,000 plus excess profits credit of $1,507,651.34 which resulted in an adjusted excess profits taxable income of $1,735.84 and an excess profits tax liability of $1,562.26. This tax liability was paid by the taxpayer.
7. Within the time as extended, the taxpayer, on May 15, 1944, filed its corporation income and declared value excess profits tax return for 1943 reporting thereon a normal tax net income of $808,513.62 and an income tax liability of $323,405.45 which was assessed together with interest of $7.71. The taxpayer paid this tax and interest as follows:
March 14, 1944_ $80, 080.00
June 13,1944_ 81, 622. 72
September 14,1944_ 80, 851. 36
December 14, 1944_ 80,859.08
Total_$323,413.16
On March 19, 1946, there was refunded to the taxpayer $61,734.07 together with interest thereon of $4,711.24 due to adjustment with respect to amortization deduction under *142 Section 124 of the Internal Revenue Code of 1939, as amended.
8. Also within the time as extended, the taxpayer, on May 15, 1944, filed its corporation excess profits tax return for 1943 reporting thereon excess profits net income of $798,423.04, a specific exemption of $5,000 plus excess profits credit of $1,534,200.60 and no excess profits tax liability.
9. On June 7,1944, the taxpayer filed claims for refund of excess profits taxes for 1941 and 1942 in the respective amounts of $263,597.52 and $1,562.26. On December 7,1944, taxpayer filed further claims for refund of excess profits taxes for the years 1941 and 1942 in the same aforesaid respective amounts. By two letters dated August 17, 1950, the taxpayer was notified by registered mail of the rejection of these four refund claims to the extent not previously allowed.
10. By letter dated November 12,1948, there ivas forwarded to the taxpayer a copy of the revenue agent’s report dated October 5, 1948, covering the years 1941 to 1946, inclusive. In the determination of taxable excess profits tax net income for each year in that report, such income for 1941 was reduced from $2,100,757.40 to $2,084,749; such income for 1942 was reduced from $1,514,387.18 to $1,399,579.80; and such income for 1943 was reduced from $798,423.04 to $683,402.92. The revenue agent determined therein an excess profits tax credit based upon invested capital of $1,578,659.37 for 1941, $1,478,413.35 for 1942, and $1,495,093.98 for 1943. In determining the taxpayer’s excess profits tax liability for 1941, the revenue agent carried back as a credit the unused excess profits credit of $78,833.55 from the year 1942 and $427,256.08 from the year 1943. The carry back of unused excess profits tax credit to the extent of $78,833.55 produced a reduction in 1941 excess profits tax in the amount of $43,412.94. The excess of such unused credit for 1943 of $384,434.98 was carried forward to the year 1944 by the revenue agent of which $73,691.59 was used as a credit to eliminate the excess profits tax liability for 1944. The excess profits credit for 1945 exceeded the excess profits tax net income for such year. As a result of the various adjustments to taxable income and *143 excess profits tax credits made by the revenue agent, the Commissioner of Internal Revenue determined deficiencies and overassessments as follows:

Tear Kind of Tax Deficiency Over assessment

1941 Income- $79, 969. 62 _
1941 Excess Profits_ $263, 597. 52
1942 Income_ 21, 728. 26
1942 Excess Profits_ 1, 562. 26
1943 Income- 18,443. 02 _
1944 Income- 322, 712. 63 _
1945 Income- 100, 031. 31 _
1946 Income- 303, 623.14 _
Totals-$824, 779. 72 $286, 888. 04
On April 9, 1948, taxpayer filed with the Commissioner of Internal Revenue a signed notice in writing, on Treasury Department Form 874, waiving the restrictions provided in Section 272 (a) of the Internal Revenue Code of 1939 on the assessment and collection of the deficiencies set forth in the foregoing tabulation and consenting to the assessment and collection of the same.
11. On January 25, 1949, the Commissioner assessed the deficiencies listed in finding 10 above. On January 31,1949, the Collector of Internal Revenue at Birmingham, Alabama, sent taxpayer six statements of income tax due on Treasury Form 7658. These statements reflected an overall net tax due from plaintiff of $643,163.86. On February 9, 1949, the taxpayer paid to the Collector that amount. On June 30, 1950, the Commissioner signed a schedule of overassess-ments in respect to the overassessment set forth in finding 10 and credited the aforesaid overassessments against the deficiencies set forth in said finding 10, except that of the $1,-562.26 overpayment of excess profits tax for the year 1942 $1,215.62 was credited against the deficiencies, $156.23 excessive post war credit was recouped, and the balance of $190.41 was refunded to the taxpayer.
12. The Commissioner of Internal Revenue computed interest on the several deficiencies to May 9,1948, thirty days after the execution of the aforesaid waiver Form 874 set forth in finding 10 and this computation is not in dispute.
13. Interest on the overpayments of income and excess profits taxes for 1941 and 1942 as previously allowed and
*144 as now recomputed by tbe Commissioner to tbe list date of tbe assessment of tbe deficiencies against wbicb the over-assessments were credited is as follows:

Year Amount From To Interest

1941 EP $ 5,585.16 cr. [1]8-25-43 [2]1-25-49 $ 1,815.18
211,240.84 cr. [3] g_ 7.44 *1-25-49 58,716.27
43,412.94 cr. ([4]) None
1,114.29 cr. ([5]) None
$261,353.23 $60,631.46
*2,244.29
$263,597.52 total overassessment
Interest previously allowed.-.-.--- 51,287.74
Additional interest allowable to list date_ $ 9,243.71

Year Amount From To Interest

1942 IT $ 21,728.26 cr. 1 12-15-43 21-25-49 $ 6,662.84
Interest allowed on Schedule IT 161143- 5,735.07
Additional interest allowable to list date___ $ 927.77

Year Amount From To Interest

1942 EP $ 156.23PWO . 13-15-43 [6] 12-31-45 $ 26.19
1,215.62 cr. 13-15-43 2 1-25-49 427.46
190.41 ref. 13-15-43 [7] 7-17-50 83.84
$ 1,562.26 $ 537.49
Interest allowed on Schedule IT 161143...... 485.59
Additional interest allowable to list date.-----.- $ 51.90
After the deficiencies referred to in finding 10 were assessed tbe Collector, on January 31, 1949, issued the statements of tax due as stated in finding 11. The credits of tbe overpay-ments against the deficiencies were allowed on Schedule IT-161143 dated June 30,1950.
CONCLUSION OE LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is entitled to recover.
It is therefore adjudged and ordered that plaintiff recover of and from the United States the sum of twenty-two thousand three hundred forty-one dollars and one cent ($22,341.01).

 The amount of $2,244.29 originally adjusted as a credit on Schedule IT-161143 was reversed and allowed as a refund on Schedule IT-165266. Interest was allowed from the date of overpayment to the refund date in the total amount of $991.12.

 Dates of overpayment Sec. 3771 (b), 1939 Code.

 Date of assessment of deficiencies Sec. 3771 (b) (1), 1939 Code.

 Date of claim Sec. 3771 (e), 1939 Code.

 No claim filed Sec. 3771 (e), 1939 Code.

 No interest allowable Sec. 155 (3), 1939 Code.

 Terminating date Post-war credit Sec. 781 (b), 1939 Code.

 Terminating date on refund Sec. 3771 (b) (2), 1939 Code.